UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

DAVID J. BRUMFIELD                    CIVIL ACTION NO: 07-0201

VERSUS                                JUDGE HAIK

ENERGY PARTNERS OF DELAWARE,          MAG. JUDGE HILL
LTD., EPL OF LOUISIANA, LLC,
WHITE WING INSPECTION, INC. and
ROCKIN' "D" MARINE SERVICES, LLC
*********************************************************************

**MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT FILED BY PPI TECHNOLOGY SERVICES, L.P.**

MAY IT PLEASE THE COURT:

David J. Brumfield instituted this civil action under the
Outer Continental Shelf Land Act to recover damages for injuries
that he sustained on February 14, 2006, while working as a welder
for United Production and Construction Services, Inc. ("UPCS"),
when he was obliged to make a transfer, by swing rope, from a
permanent production platform to an offshore supply vessel.  The
Defendants include: (1) the owners of the platform, Energy Partners
of Delaware, Ltd., EPL of Louisiana, LLC ("EPL"); (2) the owner and
operator of the offshore supply vessel, *M/V SEA BROOKE,* Rockin' "D"
Marine Services, LLC ("Rockin' "D"); (3) the employer of the
"company man," who oversaw operations aboard the platform, White
Wing Inspection, Inc. ("White Wing"); and (4) the employer of the
production hands, who conducted operations aboard the platform,
PPI Technology Services, L.P. ("PPI").

PPI has now moved for a summary judgment, on grounds that there is insufficient evidence that any action by its employees was a cause of Brumfield's injuries and damages.  Brumfield opposes the motion, because as the following discussion will show, the actions of PPI's employees "appreciably enhanced the chance of the accident occurring," which is sufficient to trigger liability under La.Civ.Code Art. 2315.  *Roberts v. Benoit*, 605 So.2d 1032, 1052 (La. 1991).

## THE OPERATIVE FACTS

On February 14, 2006, Brumfield and his co-workers were repairing storm damage to EPL's permanent production platform located in East Cameron Block 111.  Access to the platform was by means of a single swing rope,[1] which was used to transfer to and from the "Plus 10" deck on the platform to a small "jump" deck that had been built on the back of the *M/V SEA BROOKE*.[2]

The UPCS crew had repaired handrails on the Plus 10 deck and were completing the weld out of the platform's boat bumper clamp shortly before the accident occurred.[3]  In order to access the bumper clamp, the grating directly beneath the swing rope was removed.[4]  Brumfield's final task was to replace the grating.[5]

---

[1] Exhibit P-1, Deposition of David John Brumfield, p. 47; Exhibit P-2, Deposition of Charles Blanchard, pp. 20-21.

[2] Exhibit P-1, Deposition of David John Brumfield, p. 52.

[3] Exhibit P-1, Deposition of David John Brumfield, pp. 40, 46; Exhibit P-2, Deposition of Charles Blanchard, p. 19.

[4] Exhibit P-1, Deposition of David John Brumfield, p. 53.

[5] Exhibit P-1, Deposition of David John Brumfield, p. 54.

However, before he could complete the work, he was ordered to return to the boat.  Brumfield described the circumstances under which that order was conveyed in his deposition testimony, as follows:

Q     And why was that?

A     The production hands had flown on to it.  And all of a sudden, they hollered down there to me and told me to get back on the boat.  They were going to attempt to bring it back on line or something. And I'm like, I told them, I said, "Look, I got five minutes, you know, and I'm going to close this hole up.  It probably won't even be five minutes, and we'll all get on the boat, and we can leave the location."  We had words, and then they called the boat on the radio.  And then the next thing I know, the boat comes on the PA telling me I had to get on the boat right now So I -- that's what happened.

Q     Were you in a rush?

A     Yeah.  They were rushing me.[6]

Brumfield's supervisor, Charles Blanchard, confirmed that"[p]roduction called on the radio and notified us they were ready to turn it [the well] on," which required that all "hot work" be stopped.[7]  Because the missing grating prevented Brumfield from standing directly under the swing rope, the boat was backed up to the opposite corner of the Plus 10 deck so that he could make the transfer.[8]  If Brumfield has been allowed to reattach the grating beneath the swing rope, it could have been used in the normal

---

[6]Exhibit P-1, Deposition of David John Brumfield, pp. 56-57.

[7]Exhibit P-2, Deposition of Charles Blanchard, p. 23.

[8]Exhibit P-1, Deposition of David John Brumfield, pp. 54, 56.

manner.[9]  When Brumfield attempted to transfer to the boat, he slipped off of the grating of the jump deck and landed on the main deck of the boat.[10]

Neither Brumfield nor his supervisor, Charles Blanchard, could identify the production workers, who flew onto the platform.[11] However, there has never been any serious question about the fact that they worked for PPI.[12]  EPL's business records show that PPI billed for eight hours of work on EC111 on the day of the accident, and there is no evidence that any other production workers were working on the platform at that time.[13]

### THE APPLICABLE LAW

"Ordinarily, on summary judgment, the moving party has the initial burden of establishing that there are no issues of material fact and that it is entitled to judgment in its favor as a matter of law." *Breen v. Tex. A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007)(citing *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003)).  "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *EEOC v. WC&M Enters.*, 496 F.3d 393, 397-398 (5th Cir. 2007);

---

[9]Exhibit P-1, Deposition of David John Brumfield, pp. 57-58.

[10]Exhibit P-1, Deposition of David John Brumfield, pp. 63-64.

[11]Exhibit P-1, Deposition of David John Brumfield, p. 60-61; Exhibit P-2, Deposition of Charles Blanchard, p. 24.

[12]Exhibit P-2, Deposition of Charles Blanchard, p. 119.

[13]Exhibit P-3, Business records of EPL Energ Partnes, Ltd.

*Jenkins v. Methodist Hosps. of Dallas*, 478 F.3d 255, 260 (5th Cir. 2007); *McNeil v. Wyeth*, 462 F.3d 364, 367 (5th Cir. 2006).

In an action brought under the Outer Continental Shelf Lands Act, the Court applies the law of the adjacent state -- in this case, Louisiana -- in determining whether the conduct complained of is a proximate, or legal, cause of the plaintiff's injuries and damages. *Gates v. Shell Oil (Shell Offshore, Inc.)*, 812 F.2d 1509, 1516 (5th Cir. 1987).

## APPLICATION OF THE LAW TO THE FACTS

PPI has not denied that its employees were working on EC111 at the time of Brumfield's accident.  Instead, it argues that there is no evidence to support a finding that the production hands described by Brumfield and Blanchard were its employees.  However, the billing records provided by EPL indicate that at least one PPI employee, Paul F. Taylor, was present.  Inasmuch as all inferences must be drawn in Brumfield's favor for purpose of ruling on the Motion for Summary Judgment, PPI's artful non-denial is plainly inadequate.

Alternatively, PPI argues that any actions taken by its employees could not have been a proximate, or legal, cause of Brumfield's accident, because they lacked supervisory authority over him, and the order that he cease working and leave the platform had been seconded by his supervisor, Charles Blanchard. Those arguments overlook the applicable law of Louisiana with regard to causation.

It is well-settled in the Louisiana jurisprudence that "[t]o the extent that the defendant's actions had something to do with the injury the plaintiff sustained, the test of a factual, causal relationship is met." *Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La. 1993).  "The mere possibility that the accident would have occurred despite the required precautions does not break the chain of causation." *Dixie Drive It Yourself System v. American Beverage Co.*, 242 La. 471, 137 So.2d 298, 304 (1962); *Tucker v. Pinder*, 631 So.2d 735 (La.App.3rd Cir. 1994), *writ denied*, 635 So.2d 1139 (La. 1994); *Williams v. Allstate Insurance Co.*, 599 So.2d 478 (La.App. 3rd Cir. 1992).

"A substantial factor need not be the only causative factor; it need only increase the risk of harm." *Hastings v. Baton Rouge General Hospital*, 498 So.2d 713, 720 (La. 1986).  Even if it is impossible to say with any degree of certainty that "but for" the defendant's conduct the accident would not have happened, the Defendant's actions are a cause-in-fact of the accident if they "can be said to have appreciably enhanced the chance of the accident occurring." *Roberts v. Benoit*, 605 So.2d at 1052.

When all inferences are drawn in Brumfield's favor, it is clear that the PPI employees' insistence that he leave the platform before reattaching the grating under the swing rope "appreciably enhanced the chance of the accident occurring."  Their actions increased the risk of harm, which is all that is required to establish legal causation under well-settled Louisiana law.

## CONCLUSION

PPI has not borne its burden of establishing that it is entitled to a summary judgment dismissing Brumfield's claims against it.  There is a genuine issue of material fact with regard to whether the actions of PPI's employees enhanced the chance of the accident occurring and increased the risk of harm to Brumfield.  PPI's Motion for Summary Judgment should, therefore, be denied.

> LAWRENCE N. CURTIS, LTD.
> (A Professional Law Corporation)
> 300 Rue Beauregard, Bldg. C
> Post Office Box 80247
> Lafayette, Louisiana 70598-0247
> Telephone: (337) 235-1825
> Facsimile: (337) 237-0241
>
> BY: s/ Lawrence N. Curtis
>      LAWRENCE N. CURTIS (4678)

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2008, a copy of the foregoing Memorandum in Opposition to Motion for Summary Judgment was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to: Robert A. Mahtook, Esq., Rufus C. Harris, III, Esq., and Kevin P. Merchant, Esq. by operation of the court's electronic filing system.  Notice of this filing will be sent to: J. Daniel Rayburn, Esq. by U.S. Mail.

> LAWRENCE N. CURTIS, LTD.
> (A Professional Law Corporation)
> 300 Rue Beauregard, Bldg. C
> Post Office Box 80247
> Lafayette, Louisiana 70598-0247
> Telephone: (337) 235-1825
> Facsimile: (337) 237-0241
>
> BY:s/Lawrence N. Curtis
>      LAWRENCE N. CURTIS (4678)